## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES *ex rel.* ) | |
| ) | |
| HEATHCOTE HOLDINGS CORP, INC., ) | |
| An Illinois Corporation, Relator ) | |
| ) | |
| Plaintiffs ) | |
| ) | Case No. |
| v. ) | |
| ) | JURY DEMANDED |
| CRAYOLA LLC, a Delaware LLC, and ) | |
| HALLMARK CARDS, INC., a Missouri ) | |
| Corporation, ) | |
| ) | |
| Defendants. ) | |

### COMPLAINT FOR FALSE PATENT MARKING

Relator, HEATHCOTE HOLDINGS CORP., INC., (hereinafter referred to as "Heathcote"), for its Complaint against Defendants CRAYOLA LLC ("Crayola") and HALLMARK CARDS, INC. ("Hallmark"), alleges as follows

### NATURE OF THE CASE

1. This is an action for false patent marking under Title 35, Section 292, of the United States Code.

2. Crayola and/or Hallmark violated 35 U.S.C. § 292(a), by marking products with expired patents, with the intent to deceive competitors and the public.

3. Defendants market and sell a line of "3D" chalk products, including a product known as the 3D JUNGLE SAFARI ACTIVITY SET. The 3D JUNGLE SAFARI ACTIVITY SET is marked with patent numbers 4,717,239 ("the '239 Patent"), 4,597,634 ("the '634 Patent") and 5,002,364 ("the '364 Patent").

4.     The '239 Patent, '634 Patent and the '364 patent were all expired, but defendants nevertheless chose to continue using the improper patent markings on the 3D JUNGLE SAFARI ACTIVITY SET, and possibly other 3D products, with the intent to deceive the public and to gain a competitive advantage in the market.

5.     Heathcote seeks an award of monetary damages against Crayola and//or Hallmark, one half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

## GENERAL ALLEGATIONS

6.     Heathcote is an Illinois corporation with its principal place of business at 711 Custer Ave., Evanston, Illinois, 60202.

7.     Crayola is a Delaware LLC with its principal place of business located in Easton, Pennsylvania.

8.     Hallmark is a Missouri corporation with its principal place of business located in Kansas City, Missouri.

9.     Crayola is a wholly-owned subsidiary of Hallmark.

10.    This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

11.    Venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1395(a), because the products that are the subject matter of this Complaint, were and are offered for sale and sold in this District.

12.    Heathcote brings this action under 35 U.S.C. § 292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

## COUNT I: THE '239 PATENT

13.    Heathcote re-states and incorporates paragraphs 1-15 as if fully set forth herein.

14. United States Patent Number 4,717,239 ("the '239 Patent") was filed on March 4, 1986, and issued on January 5, 1988. The '239 Patent expired January 5, 2005. A true and accurate copy of the '239 Patent is attached hereto as Exhibit A.

15. Defendants marketed for sale to the public the product known as the 3D JUNGLE SAFARI ACTIVITY SET, marked with the '239 Patent.

16. Defendants violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the packaging and/or product of the 3D JUNGLE SAFARI ACTIVITY SET with the '239 patent, and any and all other products marked with the '239 patent, subsequent to the date the patent expired with the intent to deceive the public.

17. Defendants cannot genuinely believe that the patent applies even after it expired.

18. Each false marking on the products identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

19. Defendants' false marking of products with the '239 patent after it expired has wrongfully quelled competition with respect to such products, thereby causing harm to HEATHCOTE, the UNITED STATES and the public.

20. Defendants wrongfully and illegally advertised a patent monopoly which they does not possess and, as a result, have benefitted commercially and financially by maintaining false statements of patent rights.

WHEREFORE, HEATHCOTE demands a trial by jury and requests that the Court enter judgment as follows:

A. Enter judgment against DEFENDANTS and in favor of HEATHCOTE for the violations alleged in this Complaint;

B.  Order DEFENDANTS to pay a civil monetary fine of up to $500 per false marking "offense," or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C.  Grant HEATHCOTE such other and further relief as it may deem just and equitable.

## COUNT II: THE '634 PATENT

21.  Heathcote re-states and incorporates paragraphs 1-15 as if fully set forth herein.

22.  United States Patent Number 4,597,634 ("the '634 Patent") was filed on January 5, 1984, and issued on July 1, 1986. The '634 Patent expired on January 5, 2004. A true and accurate copy of the '634 Patent is attached hereto as Exhibit B.

23.  Defendants marketed for sale to the public the product known as the 3D JUNGLE SAFARI ACTIVITY SET, marked with the '634 Patent.

24.  Defendants violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the packaging and/or product of the 3D JUNGLE SAFARI ACTIVITY SET with the '634 patent, and any and all other products marked with the '634 patent, subsequent to the date the patent expired with the intent to deceive the public.

25.  Defendants cannot genuinely believe that the patent applies even after it expired.

26.  Each false marking on the products identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

27.  Defendants' false marking of products with the '634 patent after it expired has wrongfully quelled competition with respect to such products, thereby causing harm to HEATHCOTE, the UNITED STATES and the public.

28.	Defendants wrongfully and illegally advertised a patent monopoly which they does not possess and, as a result, have benefitted commercially and financially by maintaining false statements of patent rights.

WHEREFORE, HEATHCOTE demands a trial by jury and requests that the Court enter judgment as follows:

A.	Enter judgment against DEFENDANTS and in favor of HEATHCOTE for the violations alleged in this Complaint;

B.	Order DEFENDANTS to pay a civil monetary fine of up to $500 per false marking "offense," or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C.	Grant HEATHCOTE such other and further relief as it may deem just and equitable.

## COUNT III: THE '364 PATENT

29.	Heathcote re-states and incorporates paragraphs 1-15 as if fully set forth herein.

30.	United States Patent Number 5,002,364 ("the '364 Patent") was filed on January 22, 1990, and issued on March 26, 1991.  The '364 Patent expired March 26, 2008.  A true and accurate copy of the '364 Patent is attached hereto as Exhibit C.

31.	Defendants marketed for sale to the public the product known as the 3D JUNGLE SAFARI ACTIVITY SET, marked with the '364 Patent.

32.	Defendants violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the packaging and/or product of the 3D JUNGLE SAFARI ACTIVITY SET with the '364 patent, and any and all other products marked with the '364 patent, subsequent to the date the patent expired with the intent to deceive the public.

33. Defendants cannot genuinely believe that the patent applies even after it expired.

34. Each false marking on the products identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

35. Defendants' false marking of products with the '364 patent after the patent expired has wrongfully quelled competition with respect to such products, thereby causing harm to HEATHCOTE, the UNITED STATES and the public.

36. Defendants wrongfully and illegally advertised a patent monopoly which they does not possess and, as a result, have benefitted commercially and financially by maintaining false statements of patent rights.

WHEREFORE, HEATHCOTE demands a trial by jury and requests that the Court enter judgment as follows:

A. Enter judgment against DEFENDANTS and in favor of HEATHCOTE for the violations alleged in this Complaint;

B. Order DEFENDANTS to pay a civil monetary fine of up to $500 per false marking "offense," or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C. Grant HEATHCOTE such other and further relief as it may deem just and equitable.

Respectfully Submitted,

*HEATHCOTE HOLDINGS CORP., INC.*

By: /s Matthew S. Miller

Matthew S. Miller
LAW OFFICES OF MATTHEW S. MILLER, LTD.
111 W. Washington, Suite 1100
Chicago, IL 60602
(312) 251-6066

Richard J. Prendergast
Michael T. Layden
RICHARD J. PRENDERGAST, LTD.
111 W. Washington, Suite 1100
Chicago, IL 60602
(312) 641-0881 (telephone)