IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES *ex rel.* | |
| HEATHCOTE HOLDINGS CORP., INC., | No. 1:10-cv-342 |
| Plaintiff, | Hon. William T. Hart |
| v. | Magistrate Martin C. Ashman |
| CRAYOLA LLC; and HALLMARK CARDS, INC., | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS CRAYOLA LLC AND
HALLMARK CARDS, INC.'S MOTION TO STAY PENDING RESOLUTION OF
*STAUFFER v. BROOKS BROTHERS, INC.***

A fundamental and threshold issue in this case is whether the plaintiff has alleged the "actual and imminent" injury required to provide this Court with Article III subject matter jurisdiction over its *qui tam* false patent marking claim. This precise issue is currently pending before the United States Court of Appeals for the Federal Circuit in the appeal of *Stauffer v. Brooks Brothers, Inc.*, No. 2009-1428. In order to conserve the resources of this Court and the parties and to determine whether this Article III court has jurisdiction over the plaintiff's claims, this action should be stayed pending the Federal Circuit's decision in *Stauffer*, with the defendants' time to answer or otherwise respond to the complaint re-set to twenty-one days after the Federal Circuit's *Stauffer* ruling. If this motion is denied, defendants request an extension of their time to answer or otherwise respond to the complaint until twenty-one days from this Court's ruling on the present motion to stay[1].

---

[1] Courts have recognized motions to stay as appropriate pre-trial motions that may be filed prior to a Rule 12 motion. *See Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1475 (9th Cir. 1988) (motion to stay is not a Rule 12 motion and hence is not subject to Rule 12(g)'s restrictions on multiple Rule 12 motions); *Continental Cas. Co. v. Marsh*, No. 01-160, 2002 WL 31870531, at *2-3 (N.D. Ill. Dec. 23, 2002) (same); *Smith v. Pay-Phone Sys., Inc.*, 627 F. Supp. 121, 122 (N.D. Ga. 1985) (motions to dismiss

I.   **BACKGROUND.**

On January 19, 2010, Plaintiff Heathcote Holdings Corp., Inc. ("Heathcote") brought this *qui tam* action pursuant to 35 U.S.C. § 292, alleging that defendants Crayola LLC and Hallmark Cards, Inc. (collectively "Defendants") engaged in false patent marking. The complaint's only allegations of injury from the alleged false marking, however, are entirely speculative. (*See* Compl. ¶ 18 ("Each false marking on the products identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products."); ¶ 19 ("Defendants' false marking of products with the '239 patent after it expired has wrongfully quelled competition with respect to such products.").) This Court therefore lacks subject matter jurisdiction over Heathcote's claims, because it has failed to allege any "actual and imminent" injury to itself or the government, as required for jurisdiction in Article III courts. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

A similarly-deficient false patent marking complaint brought under 35 U.S.C. § 292 was dismissed for lack of Article III standing by the United States District Court for the Southern District of New York in *Stauffer v. Brooks Brothers, Inc.*, 615 F. Supp. 2d 248 (2009), and is currently on appeal in the Federal Circuit. (Fed. Cir. Dkt. No. 2009-1428.) The *qui tam* plaintiff in *Stauffer* alleged that the false marking (1) harmed the U.S. economy by advertising monopolies that defendants did not possess; (2) had the potential to discourage potential competitors from commercializing a competing product; and (3) quelled competition resulting in harm to the U.S. economy. *Id*. at 249, 251. The court held that those allegations of public harm, which are arguably more specific than those set forth in Heathcote's complaint, were insufficiently "concrete and particularized" or "actual or imminent" to confer standing on the plaintiff as a *qui tam* relator:

> In particular, the complaint fails to allege with any specificity an actual injury to any individual competitor, to the market for [the product], or to any aspect of the United States economy. That some competitor might somehow be injured at some point, or that some component of the United States economy might suffer some harm through defendant's conduct, is purely speculative and plainly insufficient to support standing.

---

are the type of pre-answer motions not provided for in the Federal Rules but traditionally entertained by federal courts). In the event that this motion to stay is denied, however, defendants seek an extension of time in which to answer or otherwise plead in response to the complaint, which would include filing a motion under Rule 12.

*Id.* at 255.

The Federal Circuit will therefore resolve a central issue in the present action with its decision in *Stauffer*: the pleading requirements for a *qui tam* false marking plaintiff to establish standing that would provide a district court with subject matter jurisdiction over an action under 35 U.S.C. § 292. The Federal Circuit's decision in *Stauffer* will directly affect the instant action; in fact, it will determine whether the plaintiff can even state a cognizable claim, making any further proceedings taken in this case prior to the Federal Circuit's opinion wasteful and inefficient. Moreover, as briefing is complete in the *Stauffer* appeal, awaiting a decision in that case will not result in a long or prejudicial delay in this matter.

## II. ARGUMENT

The Federal Circuit's decision in the *Stauffer* appeal will determine a central issue in this case: the pleading requirements for a *qui tam* false marking plaintiff to show an "actual and imminent" injury that can establish subject matter jurisdiction in Article III courts. The Federal Circuit's decision in *Stauffer* will directly affect the viability of plaintiff's claims, and hence the viability of the lawsuit itself.[2] If the Federal Circuit upholds *Stauffer*, then Heathcote has no standing, and any further motion practice, pleading or discovery conducted to that point will waste time and resources. Because proceeding with this litigation now would waste resources, this case should be stayed pending the Federal Circuit's decision in *Stauffer*.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to stay an action, courts consider (1) whether the stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether the stay will simplify the issues and streamline the trial; and (3) whether the stay will reduce the burden of litigation on the parties and the court. *Abbott Labs. v. Matrix Labs., Inc.*, No.

---

[2] Because false patent marking actions arise under the Patent Act, 35 U.S.C. § 292, all appeals in such cases are determined by the Federal Circuit. Hence, although the *Stauffer* case originated in a New York federal

3

09-cv-1586, 2009 WL 3719214, at *2 (N.D. Ill. Nov. 5, 2009). Each of these factors favors a stay in this case.

### A. Heathcote Will Not Be Unduly Prejudiced or Tactically Disadvantaged by a Stay.

Heathcote will not be unduly prejudiced or tactically disadvantaged by a stay. Quite the opposite. If this Court were to proceed with this litigation before the Federal Circuit affirms the *Stauffer* appeal, Heathcote will have needlessly consumed time and resources litigating a case in which it doesn't have standing. If the Federal Circuit reverses in *Stauffer*, on the other hand, the case will simply resume and Heathcote will be in the same position it is in now.

In addition, a stay pending the *Stauffer* decision will not be unduly lengthy, as the appellate briefing is now complete. *See Georgia-Pacific Consumer Prods. LP v. Four-U-Packaging, Inc.*, No. 09-1071, 2010 WL 55973, at *4 (N.D. Ohio Jan. 5, 2010) (granting stay where fact that briefing had already begun in appellate court in appeal for which proceedings would be stayed indicated that stay would be of reasonable length); *McDonald v. Novartis Pharms. Corp.*, No. 07-655, 2007 WL 4191750, at *3 (D.N.J. Nov. 20, 2007) (granting stay where briefing before the appellate court was concluded, so that stay would not be "open-ended or protracted").

Finally, as a *qui tam* relator, plaintiff has not claimed that it was personally injured in any way from the alleged false marking. Heathcote will thus not incur any economic or other injury from any delay that might occur as a result of a stay.

### B. The Stay Will Simplify the Issues in This Case.

The *Stauffer* case will determine the standing requirements for a *qui tam* false patent marking plaintiff, which is directly at issue here. At most, the Federal Circuit's ruling will make clear that Heathcote's complaint fails to show Article III standing (making the only further action required in this case a dismissal); at least, the Court's ruling will provide the standard that must be applied in this action to determine the sufficiency of Heathcote's standing allegations.

---

court, the Federal Circuit's decision in the *Stauffer* appeal will be controlling precedent for all district courts hearing false marking cases filed under Section 292.

Because the issue being determined in *Stauffer* involves this Court's Article III subject matter jurisdiction itself, any action in this case will be rendered a complete nullity if the Federal Circuit affirms *Stauffer*. There is thus no advantage to Heathcote in going forward prior to the *Stauffer* decision. *See MEI, Inc. v JCM Am. Corp.*, No. 09-351, 2009 WL 3335866, at *5 (D.N.J. Oct. 15, 2009) ("Were the Federal Circuit to [reverse the district court decision], any summary judgment proceedings on the basis of the former [district court decision] would be a nullity. For the Court to now expend the effort to wade through the parties' voluminous submissions and to reach a decision that may ultimately be set aside is a waste of precious resources—both for the Court and for the litigants. For this reason, the Court finds that a stay is appropriate.").

In fact, at least one other district court has already stayed a false marking action pending the *Stauffer* appeal. In *Public Patent Foundation, Inc. v. GlaxoSmithKline Consumer Healthcare, L.P.*, No. 09-5881, Order at 1 (S.D.N.Y. Feb. 17, 2010) (attached as Ex. 1), the court noted that the *Stauffer* appeal would address the same Article III standing issue, and stayed proceedings pending the Federal Circuit's decision.

District courts have routinely stayed actions pending issuance of an opinion that will bear on an issue before the district court. *See Walker v. Monsanto Co. Pension Plan*, 472 F. Supp. 2d 1053, 1055 (S.D. Ill. 2006) (granting stay pending the Supreme Court's resolution of a pending writ of certiorari concerning same issue, and noting that "[s]uch stays are entered quite routinely"). In *Georgia-Pacific Consumer Products LP v. Four-U-Packaging, Inc.*, No. 09-1071, 2010 WL 55973, at *5 (N.D. Ohio Jan. 5, 2010), for example, the district court stayed proceedings pending the decisions of the Fourth and Eighth Circuit Courts in appeals that would address an issue also before the district court "in the interest of economical use of judicial time and resources." *See id.* ("To do otherwise would be to potentially waste the time and resources of both parties to this action and compel me to do work that, in the fullness of time, may well not be necessary."). *See also Anker v. Wesley*, No. 08-203-SLR, 2009 WL 4030730, at *8 (D. Del. Nov. 18, 2009) ("[P]resently pending before the United States Supreme Court is the case *Smith v. Spisak*. One of the issues in *Spisak* addresses the same issue presented here . . . . Accordingly, the court will stay the instant proceeding until a decision is issued in *Spisak*."); *Haas v. Burlington Cty.*, No. 08-1102, 2009 WL 4250037, at *2-3 (D.N.J. Nov.

5

24, 2009) (staying proceedings pending issuance of Third Circuit opinion in case concerning same issues as those before the district court; "while the parties are not the same, . . . a stay is still appropriate because the [Third Circuit] decision will impact the case management of this case"); *Catskill Mountains Chapter of Trout Unlimited, Inc. v. EPA*, 630 F. Supp. 2d 295 (S.D.N.Y. 2009) (staying proceedings pending Eleventh Circuit ruling in unrelated appeal that would resolve similar issues to those facing the district court). Likewise here, where a stay would greatly simplify (or even entirely remove) the issues in this litigation, a stay of proceedings is appropriate.

### C. The Stay Will Substantially Reduce the Burdens of Litigation.

The burdens of litigation would be substantially reduced for both parties as well as the Court if a stay is imposed. This case is in its infancy—no responsive pleadings have been filed and no discovery has been taken. Hence, no party will have wasted resources if a stay is entered. *See Abbott Labs.*, 2009 WL 3719214, at *4 (the fact that a case is in the early stages of litigation weighs in favor of a stay). Moreover, to proceed with the case now would be to proceed in the dark, because the parties and the Court will be unsure what pleading requirements will be adopted by the Federal Circuit. Because subject matter jurisdiction is a threshold issue, this Court may be proceeding without jurisdiction if this action proceeds and the Federal Circuit affirms the district court's *Stauffer* decision.

A stay will have the added advantage of allowing time for Congress to act on the pending Patent Reform Act of 2010. Until recently, nearly all false patent marking cases were brought by competitors, which had a clearly identified basis to allege injury. However, in the past two years a new cottage industry has arisen in which plaintiffs make claims as *qui tam* relators with no connection to the industry and no personal injury. The plaintiff in the present case, for example, was created by patent attorney Paul Hletko for the express purpose of bringing false patent marking suits[3], and has filed at least seven such suits to date.[4] In fact, over the past two years, over 130 such suits have been filed, most by a handful of repeat plaintiffs, including Heathcote.

---

[3] *See* Br. of *Amicus Curiae* Paul Hletko, Fed. Cir. Dkt. 2009-1044, *Forrest Group v. Bon Tool Co.*

[4] Defendants are aware of the following additional false marking complaints filed by Heathcote: *Heathcote Holdings Corp., Inc. v. Philips Screw Co. & Phillips Fasteners LLC*, No. 10-1468 (N.D. Ill.); *Heathcote*

In order to address this explosion in *qui tam* false marking lawsuits, Congress has included within the Patent Reform Act of 2010, currently pending, a provision that would prevent those without competitive injuries from bringing suits as *qui tam* relators. The bill's language states that:

> (k) False Marking.
> (1)  In General.  Subsection (2) of section 292 of Title 35, United States Code, is amended to read as follows:
>
> "(b) A person who has suffered a competitive injury as a result of a violation of this section may file a civil action in a district court of the United States for recovery of damages adequate to compensate for the injury.".
>
> (2)  Effective Date.  The amendment made by this subsection shall apply to all cases, without exception, pending on or after the date of enactment of this Act.

Senate Bill 515, 111th Cong., 1st Sess. at 16.  Thus, if this bill is enacted during the pendency of this litigation, it will mandate dismissal of Heathcote's claims, and make any proceedings up to that point a needless expenditure of time and resources.  Staying these proceedings pending the *Stauffer* appeal will thus have the added benefit of providing more time for Congress to move forward on this bill, allowing the Court and parties to more accurately assess whether this action will be rendered unviable through legislation.

In sum, there is little doubt that staying this case until the Federal Circuit's *Stauffer* decision will save the resources of both parties and the Court pending resolution of a central issue in this action (indeed, the issue of the very viability of this action): whether this Heathcote has standing to assert its claims.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court stay proceedings in this case pending the Federal Circuit's decision in *Stauffer v. Brooks Brothers, Inc.*, Dkt. No. 2009-1428, with Defendants' time to answer or otherwise respond to the complaint re-set to twenty-one days after the Federal Circuit's *Stauffer*

---

*Holdings Corp., Inc. v. Leapfrog Enters., Inc.*, No. 10-1471 (N.D. Ill.); *Heathcote Holdings Corp., Inc. v. Procter & Gamble Co.* et al., No. 10-1441 (N.D. Ill.); *Heathcote Holdings Corp., Inc. v. Clorox & Brita*, No. 10-942, (N.D. Ill.); *Heathcote Holdings Corp., Inc. v. William K. Walthers, Inc.*, No. 09-6722 (N.D. Ill.); and *Heathcote Holdings Corp., Inc. v. Church & Dwight Co., Inc.*, No. 08-349 (E.D. Tex.).

ruling.  If this motion is denied, defendants request an extension of their time to answer or otherwise respond to the complaint until twenty-one days from this Court's ruling on the present motion to stay.

Respectfully submitted,

March 22, 2010

/s/ Jason C. White
Jason C. White
HOWREY LLP
321 N. Clark St.
Suite 3400
Chicago, Illinois 60654
whitej@howrey.com
(312) 595-1239

*Attorney for Defendants*
*Crayola LLC and Hallmark Cards, Inc.*

## CERTIFICATE OF SERVICE

I, Jason C. White, hereby certify that on March 22, 2010, I caused a copy of the attached Memorandum in Support of Defendants Crayola LLC and Hallmark Cards, Inc.'s Motion to Stay Pending Resolution of *Stauffer v. Brooks Brothers, Inc.* to be served upon counsel of record as follows:

By CM/ECF Electronic Notification:

Matthew S. Miller
LAW OFFICES OF MATTHEW S. MILLER, LTD.
111 W. Washington
Suite 1100
Chicago, Illinois  60602

Richard J. Prendergast
Michael T. Layden
RICHARD J. PRENDERGAST, LTD.
111 W. Washington
Suite 1100
Chicago, Illinois 60602

*Attorneys for Plaintiff Heathcote Holdings Corp., Inc.*

/s/ Jason C. White