IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HEATHCOTE HOLDINGS CORP., )
INC., an Illinois corporation, Relator, )
 )
 )
        Plaintiff, )
 )
 )
    v. ) No. 10 C 0342
 )
CRAYOLA LLC, a Delaware LLC, )
and HALLMARK CARDS, INC., )
a Missouri corporation, )
 )
        Defendants. )

## OPINION AND ORDER

Plaintiff Heathcote Holdings Corp., Inc. brings false patent marking claims, under 35 U.S.C. § 292, against defendants Crayola LLC and Hallmark Cards, Inc. Crayola allegedly is a fully-owned subsidiary of Hallmark. Crayola allegedly marketed and sold a line of "3D" chalk products, including the 3D Jungle Safari Activity Set. The Jungle set allegedly was marked with three expired patents. The parties agree that an element of each claim is that defendants

affixed the expired patents "for the purpose of deceiving the public." 35 U.S.C. § 292(a). Defendants have moved to dismiss on the ground that the required intent to deceive is not adequately pleaded as to either defendant.

Federal Circuit law controls as to whether or not Fed. R. Civ. P. 9(b) applies to claims of false patent marking. *See Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007). The Federal Circuit has not yet reached this issue. A substantial majority of district courts that have addressed the issue have held that Rule 9(b) applies to false patent marking claims. *See U.S. ex. rel. FLFMC, LLC v. William Bounds, Ltd.*, 2010 WL 4788554 *4-5 & n.1 (W.D. Pa. Nov. 17, 2010); *Simonian v. Blistex, Inc.*, 2010 WL 4539450 *5-6 (N.D. Ill. Nov. 3, 2010); *Hollander v. Ortho-McNeil-Janssen Pharm., Inc.*, 2010 WL 4159265 *4 (E.D. Pa. Oct. 21, 2010); *Simonian v. Cisco Sys., Inc.*, 2010 WL 2523211 *2-3 (N.D. Ill. June 17, 2010). This bench will follow the majority rule. Plaintiff's allegations of false patent marking must satisfy the particularity requirement of Rule 9(b).

While satisfying the pleading requirements of Rule 9(b) is ordinarily a procedural matter for which regional circuit law is applied, Federal Circuit law

applies if a procedural matter "bears on an issue that 'pertains to or is unique to patent law.'" *Cent. Admixture*, 482 F.3d at 1356 (citing *Aero Prods. Int'l, Inc. v. Intex Recreation Corp.*, 466 F.3d 1000, 1016 (Fed. Cir. 2006)) (Federal Circuit law applies to whether allegations of inequitable conduct satisfy Rule 9(b)). The "deceiving the public" standard of § 292(a) is an issue particularly applicable to patent law. The Federal Circuit's Rule 9(b) jurisprudence will be applied.

The Federal Circuit has held that Rule 9(b) applies to the analogous situation of claims of inequitable conduct. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009); *Cent. Admixture*, 482 F.3d at 1356. As to pleading the scienter element of inequitable conduct, the Federal Circuit has held: "The relevant 'conditions of mind' for inequitable conduct include: (1) knowledge of the withheld material information or of the falsity of the material misrepresentation, and (2) specific intent to deceive the PTO. Although 'knowledge' and 'intent' may be averred generally, our precedent, like that of several regional circuits, requires that the pleadings allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite

state of mind." *Exergen*, 575 F.3d at 1327.¹ Further, "[a] reasonable inference is one that is plausible and that flows logically from the facts alleged, including any objective indications of candor and good faith." *Id. at 1329 n.5. See also Itex, Inc. v. Westex, Inc.*, 2010 WL 2901793 *2 (N.D. Ill. July 21, 2010). This same standard will be applied to pleading the deceptive intent element of the present false marking claims. *See Hollander*, 2010 WL 4259265 at *4. Also, "boilerplate and conclusory allegations will not suffice." *Hollander*, 2010 WL 4259265 at *4 (quoting *Brinkmeier v. BIC Corp.*, ___ F. Supp. 2d ___, 2010 WL 3360568 *5 (D. Del. Aug. 25, 2010) (quoting *Burlington Coat*, 114 F.3d at 1418)). *See also FLFMC*, 2010 WL 4788554 at *5 (applying Third Circuit Rule 9(b) standard to false marking claim). *Cf. Eisai Co. v. Teva Pharm. USA, Inc.*, 247 F.R.D. 445, 452 (D.N.J. 2007) (inequitable conduct).

Plaintiff contends its allegations of intent should be considered sufficient because it has sufficiently alleged the "who, what, when, where, and how," *see Exergen*, 575 F.3d at 1328, of its false marking claim. In their reply, defendants

---

¹The Federal Circuit cites First, Second, and Third Circuit cases, including *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997). *Exergen*, 575 F.3d at 1327 n.4.

dispute whether even those requisites are pleaded with sufficient particularity, but even assuming those requirements are sufficiently alleged, these or additional allegations must also be sufficient to reasonably infer the required intent to deceive. *See id.* at 1328-29; *Hollander*, 2010 WL 4159265 at *5; *Brinkmeier*, \_\_\_ F. Supp. 2d at \_\_\_, 2010 WL 3360568 at *8-9. As to the intent to deceive, plaintiff relies on general allegations that the patents on the 3D product expired, Compl. ¶¶ 4, 14, 22, 30, and that defendants could not have "genuinely believe[d] that the patent applies even after it expired," *id.* ¶¶ 17, 25, 33. The patents in question expired in January 2004, January 2005, and March 2008. There are no allegations regarding who at defendants was responsible for marking the products, any procedures at defendants for checking on the continued pendency of patents, when or where the products at issue were manufactured, and when the offending products have been marketed or sold, nor is there any allegation describing any particular advertising or other marketing activity. There is also no allegation regarding the extent to which defendant Hallmark monitors the patent disclosures of subsidiary Crayola. While plaintiff conclusorily alleges an intent to deceive, the minimal factual support alleged is an insufficient basis for reasonably inferring

an intent to deceive and establishing a plausible claim that including the expired patents was for the purpose of deceiving the public. *See FLFMC*, 2010 WL 4788554 at *5; *Hollander*, 2010 4159265 at *5-6; *Patent Compliance Group, Inc. v. Wright Med. Tech., Inc.*, 2010 WL 3766724 *3 (N.D. Tex. Sept. 27, 2010); *Brinkmeier*, ___ F. Supp. 2d at ___, 2010 WL 3360568 at *9-11; *Cisco*, 2010 WL 2523211 at *3-4; *Inventorprise, Inc. v. Target Corp.*, 2009 WL 3644076 *6 (N.D.N.Y. Nov. 2, 2009), *aff'd by unpublished order*, 364 F. App'x. 634 (Fed. Cir. 2010). *Cf. Exergen*, 575 F.3d at 1328, 1330-31. *But see Patent Compliance Group, Inc. v. Interdesign, Inc.*, No. 10-CV-0404-P, at 18-19 (N.D. Tex. June 28, 2010) (cited by plaintiff).[2]

---

[2]*Blistex*, 2010 WL 4539450 at *3-4, 6, decided the day before plaintiff's brief was filed, would support plaintiff in that it holds that allegations that patents listed on a product are expired, the defendant is sophisticated, and that defendant knew or should have known the product was not covered by the expired patents is sufficient to allege the intent to deceive element of a § 292 claim. *Blistex*, however, is distinguishable because, inconsistent with *Exergen* and district court cases cited herein, *Blistex* apparently does not apply the same standard for pleading intent when Rule 9(b) applies. *See Blistex*, 2010 WL 4539450 at *6. In any event, this court disagrees with *Blistex* and Interdesign; instead agreeing with those cases--apparently in the majority--that would hold that the facts alleged in the present case, *Blistex*, and *Interdesign* are insufficient to support a reasonable inference of intent to deceive.

Since plaintiff has not adequately alleged an intent to deceive, the motion to dismiss will be granted.

IT IS THEREFORE ORDERED that defendants' motion to dismiss [32] is granted. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff dismissing plaintiff's cause of action with prejudice.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: DECEMBER 10, 2010